UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Robert Cabacoff

    v.                                     Civ. No. 23-cv-084-LM

Fedex Ground Package Sys., Inc.

**REPORT AND RECOMMENDATION**

    Plaintiff Robert Cabacoff has sued his former employer, Fedex Ground Package System, Inc. ("FedEx"), claiming he was wrongfully fired from his job after requesting time off to recover from a non work-related injury. Before the court is the defendant's motion to dismiss Mr. Cabacoff's First Amended Complaint (Doc. No. 18) ("FAC") for failure to state a claim upon which relief can be granted (Doc. No. 19), to which the plaintiff has timely objected (Doc. No 20). See Fed. R. Civ. P. 12(b)(6). The parties have also exchanged a reply (Doc. No. 21) and surreply (Doc. No. 22). Pursuant to LR 72.1, the motion has been referred to the undersigned Magistrate Judge for a report and recommendation. For the reasons that follow, the district judge should grant the defendant's motion.

**Standard of Review**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court asks whether the plaintiff has made allegations in his pleadings that are sufficient to render his entitlement to relief plausible.  See Manning v. Boston Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013).  The court accepts all well-pleaded facts as true and draws all reasonable inferences in the non-moving party's favor. Hamann v. Carpenter, 937 F.3d 86, 88 (1st Cir. 2019).  The court, however, disregards conclusory allegations that simply parrot the applicable legal standard. Manning, 725 F.3d at 43. In addition to the allegations in the complaint, the court may also consider judicially noticed documents, matters of public record, and documents attached to the complaint, without converting this 12(b)(6) motion into a motion for summary judgment.  See Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019); Greene v. Rhode Island, 398 F.3d 45, 49 (1st Cir. 2005).

**Background**

Mr. Cabacoff worked for FedEx as a package handler from October 2021 until his termination in July 2022.  FAC (Doc. No. 18) ¶ 34.  On July 3, 2022, he sustained a "self-inflicted" injury at his gym during a gym workout." Id. Mr. Cabacoff "immediately" contacted the FedEx human resources department ("HR") through a personnel application on his phone, indicating

his absence should be acknowledged and updates would be forthcoming, daily, as much as possible, to the status of injury and return to work projections. Id.

His recovery having plateaued near the end of July 2022, Mr. Cabacoff attempted to send another update to FedEx, only to discover that his electronic access had been disabled. Id. ¶ 21. On July 30, 2022, HR informed Mr. Cabacoff that his employment with FedEx had been terminated on July 13, 2022 due to job abandonment. Id. ¶ 21.

Following his termination, Mr. Cabacoff requested to review his personnel file. FedEx granted this request on August 16, 2022. Id. ¶ 51. Mr. Cabacoff alleges, however, that he was shown a "gutted" version of his file. Id. ¶ 53. He alleges that items missing from his personnel file were removed as part of a "coverup" designed to hide the fact that the "job abandonment rationale for his termination was a disguise for illegal termination." Id. ¶¶ 55-56.

On December 22, 2022, Mr. Cabacoff, proceeding pro se, sued FedEx in state court. FedEx timely removed the case to this court pursuant to 28 U.S.C. § 1332. The complaint contained four claims: (I) violation of the New Hampshire Access to Personnel File statute (N.H. Rev. Stat. Ann. ("RSA") § 275:56); (II) breach of RSA § 304-C-111 (good faith and fair dealing); (III) wrongful termination; and (IV) negligent infliction of

3

emotional distress. On August 31, 2023, Chief Judge McCafferty, adopting this court's Report and Recommendation, granted FedEx's motion to dismiss, without prejudice, with respect to counts II, III, and IV. (Doc. No. 16), and granted Mr. Cabacoff leave to amend his complaint. Id. He did so on September 22, 2023. (Doc. No 18). The FAC includes two counts: I) Wrongful termination; and II) negligent infliction of emotional distress. Both of these counts were in Mr. Cabacoff's original complaint.[1]

## Analysis

A. Count I – Wrongful Discharge

Under New Hampshire common law, a plaintiff must establish three essential elements to prevail on a claim for wrongful discharge:

> (1) that h[is] employment was terminated; and
>
> (2) that the termination of h[is] employment was motivated by bad faith, retaliation, or malice; and
>
> (3) that h[is] employment was terminated because [he] performed an act that public policy would encourage or because [he] refused to do something that public policy would condemn.

Donovan v. Southern New Hampshire Univ., 293 A.3d 1175, 1178 (N.H. 2022). The parties agree that Mr. Cabacoff was

---

[1] Although Mr. Cabacoff's claim that FedEx violated his right to access his personnel file was not dismisssed, he does not reassert that claim in the FAC. Instead, he asserts that the alleged file-related violations are supportive of his wrongful termination and emotional distress claims. FAC (Doc. No. 18) at 12.

terminated.  With respect to the two disputed criteria, "the first prong focuses on the nature of the employer's actions, while the public policy prong pertains to the employee's acts." Gage v. Rymes Heating Oils, Inc., No. 14-CV-480-PB, 2016 WL 843262, at *10 (D.N.H. Mar. 1, 2016) (cleaned up).  "[O]rdinarily the issue of whether a public policy exists is a question for the jury, [but] at times the presence or absence of such a public policy is so clear that a court may rule on its existence as a matter of law."  Id. (quoting Short v. Sch. Admin. Unit No. 16, 612 A.2d 364, 370 (N.H. 1992)).  That clarity is present here.  The allegations in the FAC satisfy neither criteria.

    1.  Bad Faith, Retaliation, or Malice[2]

An employer's bad faith or malice may be established where "(i) an employee is discharged for pursuing policies condoned by the employer, (ii) the record does not support the stated reason for the discharge, or (iii) disparate treatment was administered to a similarly situated employee." Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 44 (1st Cir. 2001) (citing Cloutier v. A & P Tea Co., 436 A.2d 1140, 1143-44 (N.H. 2001)). Bad faith can also be discerned from the course of events surrounding an employee's discharge, "the manner in which the plaintiff was discharged,"

---

[2] As there is no claim of retaliation, the court confines its analysis to whether the FAC sufficiently alleges bad faith or malice.

5

or shifting reasons for an employee's termination. See Cloutier, 436 A.2d 1140; E.C. Waste, Inc. v. NLRB, 359 F.3d 36, 44 (1st Cir. 2004) (changing reasons for an employee's dismissal may raise an inference of pretext).

While bad faith or malice comes in many forms, undisputed facts showing that an employer terminated an employee for legitimate business reasons will not support a finding of bad faith. See, e.g., Straughn, 250 F.3d at 44-45 (no bad faith where employee discharged for dishonesty); MacDonald v. Tandy Corp., 796 F. Supp. 623, 627-28 (D.N.H. 1992)  (no bad faith where employee was fired because he was suspected of stealing money from the company); Antonis v. Elecs. for Imaging, Inc., No. 07-cv-163-JL, 2008 WL 5083979, at *3 (D.N.H. Nov. 25, 2008) (no bad faith where employee terminated pursuant to a company-wide reduction in force).

Here, the foundation of Mr. Cabacoff's wrongful termination claim is that he reported his injury-related absences but was nevertheless terminated. But while he claims that reporting his absence electronically was "faster and more reliable," (FAC (Doc. No. 18) ¶ 18, the FAC contains no allegations that this method of communicating his absence – or "shunn[ing] direct telephone contact" id. – was in compliance with FedEx attendance reporting policies.  Moreover, his allegations of an "utter collapse . . . of coordination between HR and floor

6

supervisors," id. ¶ 45, and "gross administrative neglect," id. ¶ 85 are more properly characterized as incompetence, rather than malice or bad faith.

Finally, Mr. Cabacoff's allegations that FedEx "gutted" his personnel file cannot support a wrongful termination claim. Such actions are alleged to have occurred <u>after</u> his putatively illegal termination, and, therefore, could not have served as a motivation for the termination. Accordingly, the FAC fails to satisfy the "bad faith or malice" prong of a wrongful termination claim.

2. Public Policy

As he did in objecting to dismissal of his original complaint, Mr. Cabacoff concedes that there is no identifiable public policy that supports his actions. See FAC (Doc. No. 18) ¶ 73-75 (describing claim as a "novel fact pattern," "a one of a kind case," and "novel litigation"); see also id. ¶ 85 (alleging that plaintiff's actions further a "hidden (verbal or written internal) public policy or no established public policy"). Because "[s]imply positing that it is conceivable that undefined public policy is promoted" is insufficient to support a wrongful termination claim, see Netska v. Hubbell, Inc., No. 22-cv-265-SM, 2023 WL 199340, at *4 (D.N.H. Jan. 17, 2023), the FAC also fails to satisfy the third element required under count 1.

7

Against this legal backdrop, Mr. Cabacoff's wrongful termination claim should be dismissed.

B. Count II – Negligent Infliction of Emotional Distress

The court dismissed this claim from Mr. Cabacoff's original complaint because New Hampshire's worker's compensation regime bars an employee's negligence claims against his employer. See Karch v. BayBank FSB, 794 A.2d 763, 770 (N.H. 2002) ("workers' compensation is employee's exclusive remedy against employer for negligent and intentional infliction of emotional distress). The same result is warranted here.[3] Mr. Cabacoff's claim for negligent infliction of emotional distress should be dismissed.

## Conclusion

Based on the foregoing, the district judge should grant FedEx's motion to dismiss (Doc. No. 19).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed.

---

[3] Mr. Cabacoff argues wrongful termination claims are excluded from New Hampshire's worker's compensation exclusivity provisions. Pl. Mem. (Doc. No. 20-1) at 13. While this is correct, the argument is misplaced. The court is not recommending dismissal of Mr. Cabacoff's wrongful termination claim pursuant to the worker's compensation statute, but rather because it failed to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Only his claim for negligent infliction of emotional distress claim is subject to dismissal under the worker's compensation bar.

R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.  Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).  Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                        _____
                                                        Andrea K. Johnstone
                                                        United States Magistrate Judge

February 5, 2024

cc:   Robert Cabacoff, pro se
       counsel of record